IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**FREDDIE FRANCIS, JR.,**

        Plaintiff,

**v.**                              **CIVIL ACTION NO. 2:09CV139**

**LT. PETRISKO,**
**WARDEN JOE DRIVER,**
**C.O. BAKER,**
**LT. McCOLLUM,**

        Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

I.    Introduction

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 38]. By Local Rule, this action was referred to Magistrate Judge Seibert for submission of a report and a recommendation ("R & R"). Magistrate Judge Seibert filed his R & R on July 26, 2010 [Doc. 38]. In that filing, the magistrate judge recommended that this Court grant the defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 30] and to dismiss the plaintiff's **Bivens** action with prejudice.

II.    Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

1

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R & R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The plaintiff timely filed his Objections on August 16, 2010. See Doc. 39. Accordingly, such portions to which objection was made will be reviewed *de novo*. This Court will review the remaining portions to which no objections have been filed for clear error.

III.  Factual and Procedural History

On January 25, 2010, the *pro se* plaintiff initiated this case by filing a civil rights complaint [Doc. 1] against the above-named defendants pursuant to **Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics**, 403 U.S. 388 (1971), the Supreme Court case which created a counterpart to 42 U.S.C. § 1983 authorizing suits against federal employees in their individual capacities. Subsequently, the defendants filed their Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 30].

The plaintiff's Complaint asserts that on September 13, 2008, while an inmate at USP-Hazelton, he was stabbed by several other inmates as a result of a staff member, defendant Petrisko, telling inmates that the plaintiff was a "snitch" or informant. The plaintiff further alleges the defendants were indifferent to his safety stemming from the assault in violation of the Eighth Amendment. Thus, the plaintiff seeks compensatory damages of

2

$100,000 against each defendant and punitive damages of $100,000 against defendant Petrisko.

IV.     Analysis

In his Objections [Doc. 39], the plaintiff first objects generally to the magistrate judge's recommendations without proffering any specific evidence in support thereof. He simply asks this Court not to dismiss his Complaint without first allowing him to amend "as required by law." To the extent the plaintiff seeks to amend his Complaint, this Court finds the same futile. Accordingly, this request is **DENIED**.

### A.     Plaintiff's First Objection

As far as this Court can ascertain, the bulk of the plaintiff's Objection No. 1 consists of an obscure argument that the defendants' representation by Assistant United States Attorney Alan G. McGonigal presents a conflict of interest. The main argument the plaintiff seems to assert is an inherent unfairness in the judicial system because "[t]he defendants already have advantage over plaintiff when they are appointed counsel to represent them. It's no way plaintiff stands a chance against the defendants . . .."

The plaintiff was previously denied his request for counsel by Order dated December 1, 2009. See Doc. 8. In Magistrate Judge Seibert's Order, he correctly stated the applicable law as follows:

> [t]he Court in a civil case has the discretion to request an attorney to represent a person unable to employ counsel. See 28 U.S.C. § 1915(e)(1). It is well settled that in a civil action, the Court should appoint counsel to

3

represent an indigent only after a showing of a particular need or exceptional circumstances. **Cook v. Bounds**, 518 F.2d 779 (4th Cir. 1975). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." **Whisenant v. Wuam**, 739 F.2d 160, 163 (4th Cir. 1984).

In denying the appointment of counsel for this plaintiff, the magistrate judge found that "the plaintiff . . . failed to show a particular need or exceptional circumstances that would require the assistance of a trained practitioner." This Court agrees with the magistrate judge's findings and will not disturb the same.

Thus, the plaintiff claims that it is not fair that he has been denied counsel, while the defendants are represented by an Assistant United States Attorney. This right, however, is statutorily bestowed upon the United States Attorney and his counterparts in 28 U.S.C. 547, which states, in pertinent part, that the United States Attorney "shall . . . defend, for the Government, all civil actions, suits or proceedings in which the United States is concerned . . .." *See also* **Keyter v. Bush**, 2004 WL 3591125 (D.D.C. Aug. 6, 2004)(denying plaintiff's motion to disqualify United States Attorney based on alleged conflict of interest in his **Bivens** action). Accordingly, this Objection is **OVERRULED**.

**B.     Plaintiff's Second Objection**

The plaintiff next challenges the two extensions granted the defendants to file their responsive pleading. See Docs. 22 & 26. This Court notes the extensions were both necessary to achieve consistency by consolidating the various responsive pleading deadlines among the common defendants and to permit current counsel time to obtain

4

authority to represent all named defendants in his capacity as an Assistant United States Attorney. Furthermore, this Court finds that these extensions caused no prejudice or undue delay; the responsive pleading was filed approximately three (3) months after service of process. Therefore, this Objection is **OVERRULED**.

### C. Plaintiff's Third Objection

Without providing any evidence in support of his assertion, the plaintiff again recasts his previous argument that his claims should not be dismissed for failure to exhaust administrative remedies. To the extent that the plaintiff does label such as an objection, this Court will rehash the relevant applicable law under a *de novo* review. Without reciting all relevant case law, which was adequately stated in the R & R with regards to the plaintiff's claims, this Court will briefly address why the plaintiff's claims must be denied. The plaintiff's objection simply consists of his statement that "[he] did exhaust his administrative remedies as to Petersko and other BOP employee's (sic)."

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). A **Bivens** action is included in such, and is thus subject to the same requirements. *See* **Porter v. Nussle**, 534 U.S. 516, 524 (2002).

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9), within twenty (20) calendar days of the date of the occurrence on which the complaint is based. If an

inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within twenty (20) days of the warden's response.  Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within thirty (30) days of the date the Regional Director signed the response.  An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels.  28 C.F.R. § 542.10-542.15; ***Gibbs v. Bureau of Prison Office, FCI***, 986 F.Supp. 941, 943 (D. Md. 1997).

As the magistrate judge notes in his R & R, the plaintiff has filed a total of 89 administrative remedy submissions since he entered into the custody of the BOP.  See Doc. 31-5, p. 2.  There are only two submissions in that history which could pertain to the instant action.  Id.  The first, Remedy ID No. 452090-F1 was initiated on May 8, 2007.  In it, he complained that a correctional officer called him a "rat."  This submission was rejected on May 8, 2007, because the plaintiff had failed to attempt informal resolution.  He was instructed to refile the submission.  He did resubmit the submission on May 29, 2007, but it was rejected the same day because he did not submit the remedy resolution through his counselor.  The plaintiff did not file any further remedies, and therefore, did not exhaust his administrative remedies on this issue.  [Doc. 31-5, p.3].

The second remedy related to this case is Remedy ID No. 513468, which is exhausted as to defendant Petrisko, but not at to defendants Driver, McCollum and Baker.  In his BP-8 submission to USP Hazelton, the plaintiff specifically mentions that he is filing against "SIS or SIA Petrisko" alleging that he exposed him to a risk of serious bodily danger from other inmates by telling them he was a "snitch."  See Doc. 31-6.  However, the plaintiff

6

does not name defendants Driver, McCollum, or Baker as having any involvement with exposing him to harm. Id. Nor does the plaintiff mention these three defendants in the body of his subsequent filings at the Institution, Regional Office, or Central Office. See Doc. 31-5, p. 4. Accordingly, the plaintiff had not exhausted his claims against defendants Driver, McCollum and Baker, and his claims against them should be dismissed with prejudice because it is now impossible for him to accomplish exhaustion.

Within twenty (20) calendar days of the date of the occurrence on which the complaint is based, an inmate may file a written complaint with the institution on the proper form. See 28 C.F.R. § 542.14(a). Because it now clear that the plaintiff failed to initiate the administrative remedy process with respect to the defendants, other than defendant Petrisko, within twenty (20) calendar days of the date of the occurrence on which the complaint is based, he has procedurally defaulted his claim against defendants Driver, Baker and McCollum and cannot pursue them further.

Accordingly, because he failed to exhaust the requisite steps, it is clear that the plaintiff failed to properly exhaust his **Bivens** claims; accordingly, he cannot now do so under the BOP's administrative remedy procedures. See 28 C.F.R. § 542.10, *et seq*. Accordingly, because the plaintiff did not fully comply with the PLRA's exhaustion requirements, his **Bivens** claims as to these defendants must be dismissed with prejudice. *See* **Woodford**, 548 U.S. at 93-94.

### D.     Defendant Petrisko

The only remaining claim is the Eighth Amendment deliberate indifference claim filed against Lt. Petrisko. As to this claim, this Court hereby **GRANTS** summary judgment for

7

defendant Petrisko because the plaintiff has failed to present any admissible evidence in support of the same.

The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." **Farmer v. Brennan**, 511 U.S. 825, 833 (1994). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Id*. at 834 (quoting **Rhodes v. Chapman**, 452 U.S. 337, 347 (1981)). "For a claim based on failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm," and that the prison officials acted with "'deliberate indifference' to inmate health or safety.'" *Id*. The Supreme Court left open the point at which a risk of inmate assault becomes sufficient for Eighth Amendment purposes. *Id*. at n 3. However, the Supreme Court held that "[a] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. Furthermore, the Eighth Amendment is not violated by the negligent failure to protect inmates from violence; the plaintiff must show that the defendants knew of the risk and consciously disregarded it. **Whitley v. Albers**, 475 U.S. 312, 319 (1986); **Moore v. Winebrenner**, 927 F.2d 1312 (4th Cir. 1991).

There is no dispute that on September 13, 2008, the plaintiff was assaulted in his cell in Housing Unit E at USP Hazelton. Although the defendants provide no details, the plaintiff alleges that a group of inmates stabbed him about eight times. The plaintiff alleges

8

that the assault was prompted by defendant Petrisko's statement to other inmates that the plaintiff was a "snitch."

The only evidence, however, that the plaintiff offers in support of this allegation is an affidavit from fellow inmate, Clarence Scott. In his affidavit, Mr. Scott states as follows:

> In the middle of Sept. 2008 there was three inmates came on this Range from the South they were telling other inmates that they had to put work in on a couple of inmates cause they were told by S.I.S. Lt. Petrisko that these inmates was snitches. Then I over heard 3 more from South and those 3 on the range speaking about the matter [illegible]. Special Housing Recreation time. Later in the week when Francis and inmate [illegible] came to Recreation I learned this is who six inmate's was talking about, cause both of those inmate had been assaulty.

(Doc. 1, p. 10).

It is clear from this affidavit, as the magistrate judge found, that Mr. Scott did not actually hear defendant Petrisko make any statements regarding the plaintiff. Instead, his affidavit indicates that he overheard one or more conversations between other inmates, and from those conversations, he inferred that Lt. Petrisko had identified the plaintiff as a "snitch." Therefore, the magistrate judge found that Mr. Scott's statement is based purely on hearsay. This Court agrees.

For purposes of summary judgment proceedings, a Court may only consider affidavits when they present evidence that would be admissible if the affiant were testifying in Court. See ***Evans v. Techs. Applications & Serv. Co.***, 80 F.3d 954, 962 (4th Cir.

1996); ***Bostic v. Rodriguez***, 667 F.Supp.2d 591, 603 (E.D. N.C. 2009).  Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, an affidavit must contain admissible evidence and be based on the personal knowledge of the affiant.  *Id*.

Therefore, hearsay evidence which is inadmissible at trial cannot be considered in deciding a motion for summary judgment.  ***Maryland Highway Contractors Ass'n v. Maryland***, 933 F.2d 1246, 1251-52 (4th Cir. 1991); *see also* ***Evans***, *supra*.  Thus, because the only evidence that Lt. Petrisko made a statement identifying the plaintiff as a "snitch" comes from a hearsay statement, it cannot be considered for purposes of ruling on the defendants' motion for summary judgment.  Rather, the only evidence that can be considered is the declaration of Lt. Petrisko in which he refutes any allegation that he made a statement identifying the plaintiff as a "snitch" or informant.  See Doc. 31-1.  Therefore, summary judgment is appropriate.

V.      Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 38]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  As such, this Court hereby **GRANTS** the defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment **[Doc. 30]**.  Additionally, the plaintiff's Objections to the magistrate judge's R & R **[Doc. 39]** are **OVERRULED**.  Accordingly, the plaintiff's Complaint **[Doc. 1]** is hereby **DISMISSED WITH PREJUDICE**, and this matter is **ORDERED STRICKEN** from the active docket of this Court.  The Clerk of Court is **DIRECTED** to enter a separate judgment order for the defendants.

As a final matter, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, this Court declines to issue a certificate of appealability, as the petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); **Miller-El v. Cockrell**, 537 U.S. 322, 336-38 (2003)(in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. (citing **Slack v. McDaniel**, 529 U.S. 473, 484 (2000)).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** November 18, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE